IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. CRANE<br><br>  Plaintiff,<br><br> vs.<br><br>S. HATTON, et al.,<br><br>  Defendant. | No. C 11-03900 EJD (PR)<br><br>ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AND DENYING MOTIONS FOR A PRELIMINARY INJUNCTION, TO STRIKE, TO AMEND AND TO CONVERT<br><br>(Docket Nos. 19, 44, 47, 53 & 66) |

Plaintiff, a California inmate, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against Defendants Hatton, Ambriz, Mantel, Magallon, Schopf and Evans of Salinas Valley State Prison ("SVSP") for unconstitutional acts. Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 44.) Plaintiff filed an opposition, and Defendants filed a reply. Also pending is Plaintiff's motions for a preliminary injunction (Docket No. 19), for leave to amend (Docket No. 47), to strike the motion to dismiss (Docket No. 53) and to convert the motion to dismiss to a motion for summary judgment (Docket No. 66).

**DISCUSSION**

**I.    Plaintiff's Claims**

Plaintiff claims that while he was incarcerated at SVSP, he was denied his "due

process right to the favorable granted administrative appeal number 05-04255 by the false retaliatory November 22, 2005, rules violate by [Defendant] G. Schopf, and was deprived of parole opportunity without due process." (Compl. at 9.) It appears that the specific appeal was granted at the first level, but that he was deprived of relief because of an allegedly false rules violation report; Plaintiff claims that Defendants J. Magallon, G. Schopf and S. Hatton deprived him of his rights. (Id.) Plaintiff also claims that he never received fair notice of one of documents used against him. (Id.)

Secondly, Plaintiff claims that on March 20, 2008, Defendants D. Ambriz, D. M. Mantel and M.S. Evans raised "false, and unfounded, non-existent allegations of threats against staff against the [P]laintiff, in order to have him placed in Ad Seg and file motions to revoke his in forma pauperis status and have his federal lawsuits dismissed." (Id. at 10.) Plaintiff claims that Defendants conspired with Defendants Hatton, Schopf, and Magallon to retaliate against him for suing them in federal court in violation of the First and Fourteenth Amendments. (Id.) The Court found that liberally construed, Plaintiff's claims were cognizable under § 1983.

## II. Motion to Dismiss

Defendants argue that the claims involving the 2005 rules violation report are barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994) and fail to state a Due Process claim under the Fourteenth Amendment and the 2008 retaliation claims fail to state a claim under the First Amendment. Defendants also argue that the claims are improperly joined.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). Furthermore, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 570.[1] This standard applies to all cases. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009) (finding under Twombly and Rule 8 of the Federal Rules of Civil Procedure, that complainant-detainee in a Bivens action failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin" over more likely and non-discriminatory explanations).

### 1. 2005 Rules Violation Report

Plaintiff argues in the complaint that his Due Process rights were denied with respect to the rules violation report hearing that resulted in the loss of credits. Plaintiff argues that Defendants Schopf, Magallon and Hatton used false documentary evidence and he did not receive the proper forms. (Compl. at 9.) Defendants first argue that these claims are barred by Heck.[2] However, as the underlying allegations fail to state a claim, the Heck argument will not be addressed.

---

[1] Twombly disapproved the "no set of facts" language in Conley v. Gibson, 355 U.S. 41 (1957). Conley had stated "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46. Twombly decided that "this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard." Twombly, 550 U.S. at 562.

[2] In Heck v. Humphrey, 512 U.S. 477, 487 (1994), the Supreme Court held that a claim for damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid is not cognizable under § 1983. Heck was extended to prison disciplinary hearings involving good time credits in Edwards v. Balisok, 520 U.S. 641, 648 (1997).

There are five procedural requirements of Due Process for prison disciplinary proceedings. Wolff v. McDonnell, 418 U.S. 539 (1974). First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Wolff, 418 U.S. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." Id. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566; see also Bartholomew v. Watson, 665 F.2d 915, 917-18 (9th Cir. 1982) (right to call witnesses is basic to fair hearing and decisions to preclude should be on case by case analysis of potential hazards of calling particular person). Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." Wolff, 418 U.S. at 570. In addition, Due Process requires that the decision be supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 455 (1985).

In the complaint, Plaintiff states he was found guilty for refusing to work on November 22, 2005, that was recorded in rules violation report A05-11-0033. (Compl. at 6.) It was this incident that led to the forfeiture of credits. (Id.) Plaintiff generally alleges the rules violation report was retaliatory and false but he provides no specific

Order Dismissing Complaint with Leave to Amend
03900Crane_grant-mtd.wpd                    4

1  allegations that any of the <u>Wolff</u> protections were denied.[3]  Plaintiff states he never
2  received a specific form, but that form was regarding an October 21, 2005, incident.
3  (Compl. at 9.)  While there was an incident on October 21, 2005, in which Plaintiff
4  refused to work and it was mentioned in the rules violation report, it was not the basis for
5  the disciplinary infraction and loss of credits.  (Compl. at 24, 27.)

6  Moreover, a review of Plaintiff's exhibits attached to the complaint indicate that
7  all the <u>Wolff</u> protections were met.  (Compl. at 23-32.)  It was noted that Plaintiff did not
8  receive a copy of the November 22, 2005, rules violation report until January 3, 2006.
9  (<u>Id</u>. at 32, 45-47.)[4]  This was because Plaintiff was transferred out of the prison to attend a
10 federal trial on November 23, 2005, and did not return until December 21, 2005.  (<u>Id</u>.)
11 While Plaintiff did not receive the rules violation report until January 3, 2006, the
12 disciplinary hearing did not occur until several weeks later on January 26, 2006.  (<u>Id</u>. at
13 24.)  Thus, Plaintiff was provided more than enough notice of the rules violation report
14 prior to the hearing.  While being provided the rules violation report a month later may
15 have violated California regulations, that alone is insufficient to set forth a Due Process
16 violation and the complaint demonstrates no violation of federal law.

17 While Plaintiff does not specifically allege the lack of "some evidence", the Court
18 notes that in the disciplinary hearing Plaintiff stated that he was not supposed to work in
19 the kitchen and would not sign the form to work in the kitchen that was required.  (<u>Id</u>.)
20 Based on Plaintiff's statement and the other evidence, there was "some evidence" to
21 support the finding.  As it is clear from the complaint and exhibits that Plaintiff received
22 all the necessary procedural protections, and no amount of amendment would cure the
23 deficiencies described above, this claim is dismissed without leave to amend.

---

[3] The 2005 incident does not proceed on a retaliation claim, only a Due Process claim, despite Plaintiff's arguments to the contrary.

[4] Plaintiff filed inmate appeals regarding this rules violation report.  While his appeal was granted at the second level, it was denied at the Director's Level.  (Compl. at 32, 45-47.)

Order Dismissing Complaint with Leave to Amend
03900Crane_grant-mtd.wpd                                    5

2. 2008 Retaliation Claims

Plaintiff alleges that on March 16, 2008, Defendant Ambriz wrote a false retaliatory report against Plaintiff in order to confiscate his typewriter. (Compl. at 8.) Plaintiff states that on March 20, 2008, Defendant Hatton had Plaintiff taken to Ad. Seg. on false charges in conspiracy with Defendants Mantel, Evans and Ambriz. (Id. at 7.) Plaintiff states that Defendants Ambriz, Evans and Mantel are defendants in other pending federal lawsuits filed by Plaintiff. (Id.)

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted). The plaintiff must show that the type of activity he was engaged in was protected by the First Amendment and that the protected conduct was a substantial or motivating factor for the alleged retaliatory acts. See Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). Retaliation is not established simply by showing adverse activity by a defendant after protected speech; rather, plaintiff must show a nexus between the two. See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this").

In the complaint there are no specific allegations against Evans or Mantel.[5] Plaintiff simply concludes that because they were defendants in a lawsuit they conspired against Plaintiff and were involved in his placement in Ad. Seg. The failure to provide any allegations against these Defendants is insufficient to state a claim.

Plaintiff's conclusory allegations against Ambriz and Hatton are also insufficient. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

---

[5] Evans is the warden of the prison and Mantel is the appeals coordinator at the prison.

relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 at 555.

Plaintiff alleges that Defendant Hatton had Plaintiff taken to Ad. Seg. on false charges. Plaintiff states that Defendant Ambriz wrote a false retaliatory report against Plaintiff in order to confiscate his typewriter in retaliation. Plaintiff provides no other information concerning these Defendants, other than they were Defendants in other lawsuits filed by Plaintiff. Plaintiff has not even attempted to demonstrate a connection between the adverse activity taken by Defendants and his protected speech, the prior lawsuits. Plaintiff does not describe how he knows Ambriz issued the false report in order to confiscate the typewriter or that Hatton was motivated by a desire to retaliate. Simply concluding that the acts were retaliation is insufficient pursuant to Iqbal.

Court records indicate that Plaintiff has filed many lawsuits in this and other districts and several suits name these Defendants. Plaintiff argues this demonstrates their motive, and while this could be accurate, it does not mean that any action taken by a prison official against Plaintiff, if that official has been named in a lawsuit is per se retaliation. Plaintiff is still responsible for pleading sufficient facts in his complaint to demonstrate retaliation and that the adverse action was a result of his protected conduct. In the instant complaint, Plaintiff has failed to even attempt to demonstrate the connection.

Nor will the Court consider additional facts and allegations set forth by Plaintiff in his opposition to the motion to dismiss. The Court may not look beyond the complaint in ruling on a Fed. R. Civ P. 12(b)(6) claim. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Defendants' motion to dismiss the 2008 retaliation claims will be granted but Plaintiff will be provided an opportunity to file an amended complaint to

present specific allegations against these Defendants. Leave to amend is granted only for the 2008 retaliation claim. The Court will not consider new Defendants or new claims against these Defendants. If Plaintiff wishes to bring new claims, he may file another action.[6]

### III. Miscellaneous Motions

On February 15, 2012, the Court issued a screening order in this case noting that several defendants would be served and Defendant Biagini was dismissed. Biagini was named as a Defendant in the caption of the complaint, but Plaintiff made no factual allegations against him in the complaint. Defendants filed an answer on April 20, 2012, and an amended answer on May 3, 2012. On May 10, 2012, Plaintiff filed an amended complaint with a motion to amend.

As the original complaint has been dismissed with leave to amend as discussed in detail above, the motion to amend is denied as moot, though the Court will analyze the amended complaint. Moreover, the two complaints are nearly identical, so it is immaterial that Defendants' motion to dismiss was directed at the original complaint, as plaintiff has only added a few paragraphs in the amended complaint. Plaintiff alleges that Biagini had a false charge of threats against staff placed against Plaintiff and had him taken to Ad. Seg. for six months starting in March 2008. (Am. Compl. at 7.) Plaintiff states this was in retaliation for filing federal lawsuits. (Id.)

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Simply stating that Biagini retaliated against Plaintiff and placed him in Ad. Seg., with no additional factual allegations is insufficient. A complaint must contain

---

[6] As the claims related to the 2005 rules violation report have been dismissed from this action without leave to amend, the Court need not consider Defendants' improper joinder argument and the case will proceed solely on the 2008 retaliation claims.

more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff's allegations against Biagini in the amended complaint are too speculative and are dismissed with leave to amend if Plaintiff's filed an amended complaint as described above in the motion to dismiss.[7]

Plaintiff also makes additional allegations against the current Defendants in the amended complaint. Plaintiff alleges that when he was transferred to High Desert State Prison ("HDSP") in September 2008, the Defendants at SVSP caused Plaintiff to be placed in lockdown without exercise for months at HDSP. (Am. Compl. at 12.) Plaintiff also states that Defendants continued to retaliate against him while he was at HDSP. (Id.) These allegations also fail to state a plausible claim. Plaintiff has failed to describe how Defendants were responsible for what occurred at a different institution several hundred miles away. Simply stating they were responsible is insufficient. The Court also notes that Plaintiff has a pending action in the Eastern District of California regarding these events that occurred at HDSP and has even named some of the same Defendants from SVSP. See Crane v. McDonald, No. CIV S-11-0663 KJM CKD. These claims that occurred at HDSP are dismissed without leave to amend from this action.

Plaintiff has also filed a motion for a preliminary injunction (Docket No. 19) concerning events at HDSP which is located in the Eastern District of California. Plaintiff seeks relief against individuals not a party to this action concerning events not related to this action that did not even occur in this district. In order to enforce an injunction, a district court must have personal jurisdiction over the party enjoined. In re Estate of Ferdinand Marcos, 94 F.3d 539, 545 (9th Cir.1996). The Court should not issue an injunction that it cannot enforce. Id. As the Court does not have jurisdiction over these parties, the motion (Docket No. 19) is denied.

---

[7] Biagini has not been served in this action.

1    Plaintiff has also filed a motion to convert the motion to dismiss into a motion for
2 summary judgment. (Docket No. 66.) The motion concerns Defendants' request that the
3 Court take judicial notice of several records relating to the arguments that one of
4 Plaintiff's claims is Heck barred. As set forth above, the Court is not addressing the Heck
5 arguments, therefore Plaintiff's motion to convert (Docket. No 66) is denied as moot.
6 Plaintiff's motion to strike the motion to dismiss (Docket No. 53) is denied as frivolous.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendants Schopf and Magallon are dismissed from this action as are the claims related to the 2005 rules violation report.

2. The claims related to alleged retaliation in 2008 against Defendants Hatton, Ambriz, Evans and Mantel are DISMISSED WITH LEAVE TO AMEND. Plaintiff may also include allegations against Biagini in an amended complaint as they relate to the alleged retaliation in 2008. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff may file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order and the words "SECOND AMENDED COMPLAINT" on the first page and write in the case number for this action, No. C 11-03900 EJD (PR). Leave is granted only for the 2008 retaliation claim against the Defendants set forth above. The Court will not consider new Defendants or new claims against these Defendants. If Plaintiff wishes to bring new claims, he may file another action.

**Failure to respond in accordance with this order by filing an amended complaint will result in the dismissal of this action.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

This order terminates Docket Nos. 19, 44, 47, 53 & 66.

DATED:  1/28/2013

EDWARD J. DAVILA
United States District Judge

Order Dismissing Complaint with Leave to Amend
03900Crane_grant-mtd.wpd                         10

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RICHARD J. CRANE,

        Plaintiff,

  v.

S. HATTON, et al.,

        Defendants.

Case Number CV 11-03900 EJD (PR)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____1/29/2013_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**Richard J. Crane**
C-44519
High Desert State Prison
P.O. Box 3030
Susanville, CA 96127-3030

DATED: _____1/29/2013_____
                                    Richard W. Wieking, Clerk
                                   /s/ By: Elizabeth Garcia, Deputy Clerk